UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ANTOINE HARTWELL,

                    Petitioner,

v.

UNITED STATES OF AMERICA,

                    Respondent.

_____/

CRIMINAL CASE NO.     99-50057-01
CIVIL CASE NO.         04-40023

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE

**ORDER DENYING MOTION TO VACATE SENTENCE**

     Before the Court is Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Where, as here, the records and files of a case determinatively establish that a petitioner is not entitled to relief, the law does not require, and this Court will not order, an evidentiary hearing for a § 2255 motion. For the reasons set forth below, the Court will deny Petitioner's motion.

**I.   BACKGROUND**

     In 1999, Petitioner and Darwin Jay Copeland were charged in a three-count indictment. Count one charged both with conspiracy to distribute cocaine and marijuana, 21 U.S.C. §§ 841(a)(1), 846. Count two charged Petitioner with being a felon in possession of a firearm, 18 U.S.C. 921(g), and count three charged Copeland with the same violation. On October 26, 1999, the Court denied motions to suppress filed by Petitioner and Copeland. *See United States v. Hartwell*, 67 F. Supp. 2d 784 (E.D. Mich. 1999) (Gadola, J.).

     Thereafter, a joint jury trial commenced on April 5, 2000, and, on April 17, 2000, the jury found Petitioner and Copeland guilty on all counts. On December 11, 2000, the Court sentenced

1

Petitioner to imprisonment for life for count one, and for 120 months for count two, to be served concurrently. The Court also sentenced Petitioner to 10 years of supervised release for count one, and three years of supervised release for count two, to be served concurrently. In addition, the Court sentenced Copeland to 360 months of imprisonment on count one and 120 months on count three, to be served concurrently. The Court also sentenced Copeland to ten years of supervised release on count one and three years supervised release on count three, to be served concurrently.

In December 2000, both Petitioner and Copeland appealed the case to the United States Court of Appeals for the Sixth Circuit. On September 10, 2002, the Sixth Circuit affirmed the convictions and sentences of Petitioner and Copeland. *See United States v. Copeland*, 304 F.3d 533 (6th Cir. 2002). Petitioner did not petition the Supreme Court of the United States for writ of certiorari. Copeland did so, and it was denied on January 13, 2003. *See Copeland v. United States*, 537 U.S. 1145 (2003). Nevertheless, the Sixth Circuit withdrew its opinion on January 17, 2003, and replaced it on February 25, 2003 with a new opinion, which also affirmed the convictions and sentences of Petitioner and Copeland. *See United States v. Copeland*, 321 F.3d 582 (6th Cir. 2003). Furthermore, the Sixth Circuit issued an order denying Petitioner's petition for rehearing and suggestion for rehearing en banc on April 17, 2003. *See United States v. Hartwell*, No. 01-1016, 2003 U.S. App. LEXIS 8418 (6th Cir. 2003). The Sixth Circuit issued the mandate in this case on April 30, 2003.

Petitioner filed the present motion to vacate sentence pursuant to § 2255 on January 23, 2004. The Government filed a timely response as well as a motion to strike Petitioner's § 2255 motion. On May 13, 2005, this Court denied the Government's motion to strike. On June 18, 2004,

Petitioner filed his reply. Petitioner's § 2255 motion contains eighteen claims: sixteen claims that various counsel[1] provided ineffective assistance; one claim (citing five instances) that the Government engaged in prosecutorial misconduct; and one claim that the Government used immunized grand jury testimony against Petitioner.

## II.   LEGAL STANDARD

To obtain relief pursuant to § 2255, a petitioner must establish any one of the following: (1) his sentence was imposed in violation of the Constitution or federal law; (2) the Court lacked jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum allowed by law; or (4) his sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003) (Gadola, J.). The grounds for relief under § 2255 are narrower than they would have been on direct appeal. *Id.*

## III.   ANALYSIS

Petitioner's motion consists mostly of ineffective assistance of counsel claims. Even though Petitioner created his own numbering system (which is not entirely consistent throughout his petition) this Court enumerates them below according to the substantive legal issues to which they refer. The first analysis section lists fourteen ineffective assistance of counsel claims. The second section on prosecutorial misconduct also deals with the related ineffective assistance of counsel claim. The third section on the alleged use of immunized grand jury testimony also contains discussion of the related ineffective assistance of counsel claim.

### A.   Ineffective Assistance of Counsel Claims

_____

[1] At least four attorneys have represented Petitioner.

3

### 1.    Legal Standard

To establish that his counsel was ineffective, Petitioner must prove that (1) "counsel's performance was deficient" and (2) "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Following *Strickland*, the Sixth Circuit has said that the Petitioner must establish that: "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). A strong presumption exists that counsel afforded the defendant reasonable professional assistance:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to *eliminate the distorting effects of hindsight*, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (emphasis added) (citations omitted). To satisfy the second prong of the *Strickland* test, a petitioner must show that "there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694 (emphasis added). Therefore, "an ineffective-assistance-of-counsel claim cannot survive

4

so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (quoting *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001)). Also, a court may examine either prong of an ineffective assistance of counsel claim, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

### 2.    Discussion

#### a.    "Ground No. I, Ground A"

Petitioner claims that his sentencing counsel provided ineffective assistance by failing to object to the Court's use of the preponderance of the evidence standard when it imposed a life sentence pursuant to 21 U.S.C. § 841(b)(1)(B), in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Specifically, Petitioner claims that counsel should have objected to the Court attributing five grams of cocaine base to Petitioner, which subjected him to a higher sentence.

First, Petitioner's allegation is false. Sentencing counsel did indeed object under *Apprendi* to the Court's sentence for Petitioner, as the Government points out in its response. *See* Gov't Br., Attach. 7, at 82, *and see*:

> THE COURT: [t]he defendants here have each raised what are basically the same issues relating to the case of - - in the United States Supreme Court [case] of *Apprendi v. New Jersey* . . . . The defendants each argue that because the jury did not find the drug type and quantity beyond a reasonable doubt in this case the Court must sentence them to the lowest range of punishment under . . . the statute on which the defendants have each been convicted of violating.

*Id.* at 90-91. Also, the Sixth Circuit noted that Petitioner's sentencing counsel objected to sentencing under *Apprendi*. "At the sentencing hearing, both Copeland and [Petitioner], through

their counsel, made written and oral objections under *Apprendi* to the district court's use of drug quantity not proved beyond a reasonable doubt." *Copeland*, 321 F.3d at 604.

Second, because Petitioner raised the *Apprendi* issue on direct appeal, he may "not use a § 2255 petition to relitigate it, absent an intervening change in the law" or "highly exceptional circumstances," as the Government correctly notes. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *and Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). Petitioner does not argue or mention that there has been a change in the law, nor does he cite any highly exceptional circumstances. Also, the Sixth Circuit specifically affirmed the District Court's *Apprendi* ruling regarding Petitioner and his sentence, finding the error "to be harmless beyond a reasonable doubt. We are convinced that [Petitioner's] rights were not affected substantially by the error, and thus we decline to correct any *Apprendi* error that occurred in the proceedings below." *Copeland*, 321 F.3d at 606.

Third, even if this Court were to assume, *arguendo*, that counsel failed to object the Court's *Apprendi* ruling on drug quantity, Petitioner cannot show that there is a reasonable probability the result would have been different, which is the second prong of the ineffective assistance of counsel test. Because the Sixth Circuit has already considered and then affirmed that the District Court's *Apprendi* ruling and life sentence for Petitioner, an objection by counsel would have made no difference to the outcome.

In sum, Petitioner's sentencing counsel did not provide ineffective assistance regarding the Court's *Apprendi* ruling, which attributed five grams of cocaine base to Petitioner and led to a life sentence. Therefor, this Court will deny § 2255 relief on Petitioner's first claim of

ineffective assistance of counsel.

    **b.**    **"Ground No. II, Ground B"**

Petitioner claims that his sentencing counsel provided ineffective assistance by failing to object to the Court's use of the preponderance of the evidence standard during sentencing in order to find that Petitioner was involved in distributing at least five grams of cocaine base or crack, which subjected Petitioner to a longer sentence. Petitioner claims this violated <u>Apprendi</u> and that counsel should have objected on grounds of due process under the Fifth Amendment and of the right to a jury trial under the Sixth Amendment.

This ineffective assistance of counsel claim is the same in sum and substance as the first. The only difference is that Petitioner adds that his counsel should have objected on the grounds of due process under the Fifth Amendment and the right to a jury trial under the Sixth Amendment. However, the underlying objection is the same: Petitioner believes the Court violated *Apprendi*. Because the Sixth Circuit affirmed the *Apprendi* ruling, *Copeland*, 321 F.3d at 606, there could have been no due process or jury trial violation for counsel to object to.

Therefore, this Court will deny § 2255 relief on Petitioner's second claim of ineffective assistance of counsel.

    **c.**    **"Ground No. III, Ground C"**

Petitioner claims that sentencing counsel provided ineffective assistance by failing to object to the Court's application of the sentencing guidelines in three ways. Each particular objection is analyzed in the following three subparts.

    **(I)**    **"Ground No. III, Ground C, I."**

7

Petitioner claims that sentencing counsel should have objected to the Court's "grouping" of counts one and two, which increased Petitioner's sentence by raising his base criminal offense level for count two. Specifically, Petitioner alleges that the Court erred in applying the base offense level of 38 for count one, the narcotics distribution charge, to count two, the felony possession of a firearm charge, instead of calculating count two's base offense level separately.

First, Petitioner should have raised this objection to his sentencing on direct appeal, and his failure to do so constitutes a waiver. Even if, *arguendo*, the Court did err in applying the sentencing guidelines, this type of error normally "is not a constitutional or jurisdictional issue" and hence not appropriate for a § 2255 motion. *See Zack v. United States*, 915 F. Supp. 913, 916 (E.D. Mich. 1996) (Gadola, J.). "[N]onconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). These "[n]onconstitutional claims . . . can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (Citation omitted). More specifically, Petitioner must demonstrate cause for the procedural default (i.e., his failure to appeal the "grouping"), and resulting prejudice from the mistake. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000), *and Zack*, 915 F. Supp. at 916. *See also Napier v. United States*, 159 F.3d 956, 961 (6th Cir. 1998).

Second, assuming, *arguendo*, both that the Court did err in grouping the base offense

8

level of both counts, and that Petitioner could establish ineffective counsel as the cause for the failure to challenge this error during sentencing and on appeal, Petitioner cannot show any resulting prejudice from this hypothetical mistake. There is no prejudice to Petitioner because his sentence of 120 months (10 years) for count two, the firearms charge, is to be served concurrently with the life sentence imposed for count one. Petitioner will be imprisoned for the rest of his life even if, as he argues, the Court should have imposed a prison sentence as much as 28 months less for count two.

Third, Petitioner provides no citation to the record for where and when the Court "grouped" counts one and two in order to find a base offense level of 38 for count two. In the interest of judicial economy, this Court will not reapply the sentencing guidelines, double check the math of the pre-sentence investigation report or recalculate the base offense level. During sentencing, the Court ruled on numerous objections from Petitioner's counsel regarding the base offense level, eventually arriving at level 38. The Court then explained why it increased the offense level to a total of 46: two points for possession of a firearm during the period Petitioner was engaged in narcotics trafficking; four points for Petitioner's role as an organizer or leader of criminal activity involving five or more participants; and two points for obstruction of justice, specifically, a comment about "getting" the prosecutor on the case. Gov't Br., Attach. 7 at 86-90. At no time during that explanation, or when the Court informed Petitioner of his life sentence, did the Court discuss "grouping" the base offense level of count one and count two. Petitioner does not provide this Court with information to substantiate this claim. *Cf. United States v. Hayter Oil Co.*, 51 F.3d 1265, 1269 (6th Cir. 1995) (citing *United States v. Tracy*, 989 F.2d 1279,

9

1286 (1st Cir. 1993) (stating that "issues are deemed waived when 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation'"); *United States v. Phibbs*, 999 F.2d 1053, 1080 n.12 (6th Cir. 1993) (noting that "it is not our function to craft [a party's] arguments")).

For the reasons provided above, this Court will deny § 2255 relief on Petitioner's third claim of ineffective assistance of counsel.

(ii)     **"Ground No. III, Ground C, II."**

Petitioner claims that sentencing counsel should have objected to the Court's use of a preponderance of the evidence standard to find, under the sentencing guidelines, that Petitioner was responsible for the distribution of more than 1,100 grams of cocaine base or crack instead of cocaine powder, which led to a higher base offense level of 38 for Petitioner.

First, like the previous sentencing guideline objections discussed immediately above, Petitioner should have raised this sentencing objection on direct appeal, and so he is precluded from raising it for the first time in this collateral review. *Reed*, 512 U.S. at 354; *Grant*, 72 F.3d at 506; *and Zack*, 915 F. Supp. at 916.

Second, sentencing counsel did indeed object to the Court holding Petitioner responsible for more than 1,100 grams of crack cocaine, instead of cocaine powder, and the resulting base criminal offense level of 38, as the Government points out. Shortly after calculating that Petitioner is responsible for 1,132 grams of crack cocaine, the Court said: "And Mr. Hartwell has a base offense level of 38 based upon the record established in this cased. Accordingly the contention of Mr. Hartwell, his base offense level is much less [than] that. The fact that it's only

10

16 is **overruled** based upon the record." Gov't Br., Attach. 7 at 85-86. (emphasis added).

Third, this objection is another form of an *Apprendi* claim and thus is barred from being raised on collateral review for the reasons discussed earlier. *See supra* "Ground No. I, Ground A." The Court used a preponderance of the evidence standard to hold Petitioner responsible for distribution of crack cocaine during sentencing, while the indictment and conviction of Petitioner was for distribution of (regular) cocaine. Petitioner argues that this led to a base offense level of 38, instead of 30 for cocaine powder. Petitioner believes a jury must hold him responsible for distribution of crack cocaine using a higher standard of beyond a reasonable doubt in order for the court to sentence him under that higher scheme. As stated earlier, the Sixth Circuit denied Petitioner's *Apprendi* challenge and affirmed the Court's sentence:

> At trial, the Government introduced a multitude of evidence that demonstrates that Hartwell conspired to distribute at least five grams of crack cocaine. . . . [T]here is overwhelming evidence in the record that demonstrates that Hartwell was responsible for the distribution of at least five grams of crack cocaine. [W]e have no doubt that, in light of this evidence, a jury would find Hartwell responsible for at least five grams of crack cocaine . . . .

*Copeland*, 321 F.3d at 605-06.

For the reasons provided above, this Court will deny § 2255 relief on Petitioner's fourth claim of ineffective assistance of counsel.

### (iii)    "Ground No. III, Ground C, III."

Petitioner claims that sentencing counsel should have objected to the Court using two prior prison sentences in order to find that Petitioner's criminal history category was four. Specifically, Petitioner alleges that the two prior sentences were for crimes that the Court had

already ruled were part of the instant offense, which should have precluded their consideration from the criminal history categorization during sentencing. Petitioner argues that counsel's failure to object to this alleged error constitutes ineffective assistance.

First, like the first sentencing guideline objection discussed above, Petitioner should have raised this sentencing objection on direct appeal, and so he is precluded from raising it for the first time in this collateral review, as the Government notes. *See Reed*, 512 U.S. at 354; *Grant*, 72 F.3d at 506; *and Zack*, 915 F. Supp. at 916.

Second, assuming, *arguendo*, that the Court did err and counsel failed to object, Petitioner cannot establish that there was prejudice or that there would have been a different result. As the Government notes, Petitioner's criminal offense level of 48 requires a life sentence, regardless of the criminal history category. *See* Gov't Br. at 6-7 n.3 ("Petitioner's offense level was so high that it was literally off-the-chart as the highest listed level was 43"); *and* Gov't Br., Attach. 8 (copy of Sentencing Table). Even if the Court had determined that Petitioner's criminal history category was two, as Petitioner urges, it would make no difference: Petitioner would still be serving the same life sentence.

For the reasons provided above, this Court will deny § 2255 relief on Petitioner's fifth claim of ineffective assistance of counsel.

**(d)    "Ground No. IV, Ground D"**

Petitioner claims that sentencing counsel provided ineffective assistance by failing to object to the Court's finding that Petitioner was responsible for the distribution of 1,132 grams of a "mixture or substance" containing cocaine base or crack, instead of powder, which led to a

12

higher base offense level. Petitioner's claim can be construed in two ways. His counsel provided ineffective assistance by failing to object to the Court 1) holding Petitioner responsible for conspiracy to distribute something known as a "mixture or substance" of cocaine base or crack, when no "mixture or substance" was ever proven at trial beyond a reasonable doubt; and/or 2) holding Petitioner responsible for conspiracy to distribute something known as a "mixture or substance" of cocaine base or crack, instead of powder cocaine, which would have resulted in a lower base offense level. In other words, Petitioner believes his counsel should have objected to the use of the phrase "mixture or substance," and/or to the Court holding Petitioner responsible for trafficking crack cocaine instead of cocaine powder.

First, Petitioner does not cite to any specific point in the record, during sentencing or otherwise, for when the Court used the phrase "mixture or substance." It is not this Court's job to scour the record for information and evidence that could potentially corroborate and support Petitioner's argument. *Phibbs*, 999 F.2d at 1080 n.12 (noting that "it is not our function to craft [a party's] arguments"). *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) (reasoning that "judges are not like pigs, hunting for truffles buried in" deposition transcripts).

Second, Petitioner has not demonstrated that the supposed use of this phrase has any legal significance or meaning to his sentence. Petitioner was convicted of "Conspiracy to Distribute Controlled Substances." Whether or not the Court then mentioned the phrase "mixture or substance" during sentencing is irrelevant in the absence of an argument for how this prejudiced Petitioner.

Third, this objection repeats the earlier claims regarding the type of drugs he was held

13

responsible for conspiring to distribute during sentencing. *See supra* "Ground No. I, Ground A," "Ground No. II, Ground B," and "Ground No. III, Ground C, II." Petitioner already objected to the Court holding him responsible for conspiracy to distribute crack cocaine, instead of regular cocaine powder. Now, Petitioner takes that same objection and wraps it in a new cloak by mentioning a "mixture or substance." However, it is the same argument that this Court disposed of above: Petitioner's counsel did indeed object; this sentencing objection was raised (and dismissed) on direct appeal and hence it cannot be relitigated on collateral review; and, the Sixth Circuit has already specifically affirmed this ruling in the *Apprendi* context.

For the reasons provided above, this Court will deny § 2255 relief on Petitioner's sixth claim of ineffective assistance of counsel.

> **(e)    "Ground No. IV, Ground D, I."**

Petitioner claims that sentencing counsel provided ineffective assistance by failing to object to the Court's finding, through a preponderance of the evidence standard, that Petitioner was responsible for conspiracy to distribute 1.5 kilograms of a "mixture or substance" of cocaine base or crack.

This claims is the same in sum and substance as the previous claim ("Ground No. IV, Ground D") but for a different quantity: 1.5 kilograms, instead of 1,132 grams. Petitioner does not explain why or how a claim with this quantity has any legal difference than the previous claim. The Court discussed both quantities during sentencing, linking them to the finding that the Petitioner's base offense level should be 38. For the reasons provided in the previous claim, this Court will deny § 2255 relief on Petitioner's seventh claim of ineffective assistance of counsel.

14

(f) **"Ground No. V, Ground E" and "Ground No. V, Ground E, I."**

Petitioner claims his sentencing counsel provided ineffective assistance by failing to object to the Court's finding, via a preponderance of the evidence standard, that Petitioner should be sentenced under 21 U.S.C. § 81(b)(1)(B), the classification for an offense involving five grams or more of cocaine base or crack. Petitioner adds that the Court's sentencing decision violated his Due Process rights.

This claim is a repeat of several previous claims, namely that Petitioner was held responsible during sentencing for a type and amount of drugs he was not convicted of. This merely restates the previous sentencing guideline objections and *Apprendi* objections. *See* "Ground No. I, Ground A," "Ground No. II, Ground B," "Ground No. I, Ground A," and "Ground No. III, Ground C, II." This Court will deny § 2255 relief on Petitioner's eighth and ninth claims of ineffective assistance of counsel for the reasons provided earlier: counsel did object; this type of sentencing objection may not be relitigated on collateral review; and, the Sixth Circuit has already specifically affirmed the Court's ruling on this matter.

(g) **"Ground No. VI, Ground F"**

Petitioner claims that his appellate counsel provided ineffective assistance by failing to raise the same *Apprendi* objection that Petitioner alleges his sentencing counsel also failed to raise.

First, this allegation is false. Appellate counsel did indeed raise an *Apprendi* objection because the Sixth Circuit discussed it, rejected it and affirmed the District Court's *Apprendi* ruling. One of the headings in the Sixth Circuit's opinion is "Hartwell's [Petitioner's] *Apprendi*

15

Claim." *Copeland*, 321 F.3d at 605.

Second, because Petitioner raised the *Apprendi* issue on direct appeal, he may "not use a § 2255 petition to relitigate it," as explained above. *Jones*, 178 F.3d at 796. *And see supra* "Ground No. I, Ground A."

For the reasons provided above, this Court will deny § 2255 relief on Petitioner's tenth claim of ineffective assistance of counsel.

**(h)   "Ground No. VII, Ground G" and "Ground No. VII, Ground G, I."**

Petitioner claims that his appellate counsel provided ineffective assistance by failing to raise the same due process and jury trial claims that Petitioner alleges his sentencing counsel also failed to raise. Specifically, Petitioner believes that appellate counsel should have argued that the District Court's *Apprendi* ruling during sentencing violated Petitioner's Fifth and Sixth Amendment rights.

Petitioner's due process and jury trial claims are, in sum and substance, his *Apprendi* sentencing objections in different form, as explained above. *See supra* "Ground No. II, Ground B". Petitioner's ineffective assistance claim regarding his appellate counsel, then, fails for the same reasons as it did for his sentencing counsel: it may not be relitigated on collateral review after an appeals court rules on the matter. *Jones*, 178 F.3d at 796; *See Copeland*, 321 F.3d at 606. Moreover, "[a]ppellate counsel is not ineffective simply because he or she decides not to raise every possible argument on appeal." *Wright*, 182 F.3d at 466. This is especially the case for this argument, which is Petitioner's *Apprendi* claim in disguise.

Therefore, this Court will deny § 2255 relief on Petitioner's eleventh and twelfth claims

of ineffective assistance of counsel.

**(I)      "Ground No. VIII, Ground H"**

Petitioner claims that appellate counsel provided ineffective assistance by failing to raise objections to the District Court's application of the sentencing guidelines. This Court construes this claim to refer to the three sentencing guideline issues that Petitioner raised when he accused trial counsel of ineffective assistance in "Ground No. III, Ground C, I-III."

Petitioner is factually correct in that appellate counsel did not specifically challenge the District Court's application of the sentencing guidelines. However, this Court must still determine if Petitioner is legally correct; that is, whether the failure to raise that challenge constituted ineffective assistance of counsel.

The first sentencing guideline issue involves the Court's "grouping" of counts one and two, which increased Petitioner's sentence by raising his base criminal offense level for count two. For two of the reasons[2] provided earlier, this Court concludes that appellate counsel did not provide ineffective assistance by failing to raise this issue. *See supra* "Ground No. III, Ground C, I."

The second sentencing guideline issue is the Court's use of a preponderance of the evidence standard to find, under the sentencing guidelines, that Petitioner was responsible for the distribution of more than 1,100 grams of cocaine base or crack cocaine instead of cocaine powder, which led to a higher base offense level of 38 for Petitioner. This is another form of an

---

[2] Petitioner has not established that the Court "grouped" counts one and two in order to find a base offense level of 38 for count two, and Petitioner cannot show any resulting prejudice from this hypothetical mistake.

17

*Apprendi* objection, which appellate counsel **did** raise, although without success. Because the Sixth Circuit has already decided the issue, Petitioner may not relitigate it here on collateral appeal, as explained above. *Jones*, 178 F.3d at 796, *and see supra* "Ground No. III, Ground C, II." Hence, this Court concludes that appellate counsel did not provide ineffective assistance by failing to raise this sentencing guideline objection.

The third sentencing guideline issue involves the Court using two prior prison sentences in order to find that Petitioner's criminal history category was four. Assuming, *arguendo*, that the Court erred, Petitioner cannot establish that there was prejudice, or that there is a reasonable probability that there would have been a different result, if appellate counsel had raised the issue, as noted earlier. *See supra* "Ground No. III, Ground C, III." Thus, this Court concludes that appellate counsel did not provide ineffective assistance by failing to raise this third sentencing guideline objection.

For the reasons provided above, this Court will deny § 2255 relief on Petitioner's thirteenth claim of ineffective assistance of counsel.

(j)      **"Ground No. VIIII (sic), Ground I" and subparts.**

Petitioner claims that his trial counsel provided ineffective assistance by advising Petitioner to stipulate to being a convicted felon for purposes of count two, and by failing to argue that 1) Petitioner's right to carry a firearm was restored after he completed his two previous criminal sentences; and/or that 2) Petitioner did not receive his the supposedly required express notice that he was still prohibited from carrying a firearm because of his previous two criminal sentences. Because these claims all concern the same substantive legal issue, this Court will treat

18

them as one ineffective assistance of counsel claim.

First, part of this allegation is factually false. As the Government points out, Petitioner's trial counsel did file a motion to dismiss count two, the felon in possession of a firearm charge, arguing that Petitioner's right to carry a firearm had been restored after he completed his two previous sentences. "In a nutshell, defendant [Petitioner / Hartwell] argues that his civil rights had been restored pursuant to Michigan law at the time he was charged with being a felon in possession of a firearm in the instant action, and thus he is exempt from prosecution (with regard to count II) pursuant to 18 U.S.C. 921(a) (20)." Gov't Br., Attach. 13 at 5 (Amended Order Denying Petitioner's Motion to Dismiss).

Second, because the Court dismissed Petitioner's motion, Petitioner should have raised the issue of his status as a convicted felon (and his two supporting legal theories) on direct appeal, as the Government notes. Petitioner's failure to do so constitutes a waiver, as it did for other unappealed issues, *see supra* "Ground No. III, Ground C, I." and subpart "III.," and Petitioner cannot raise the issue for the first time on collateral review. *Reed*, 512 U.S. at 354; *Grant*, 72 F.3d at 506; *and Zack*, 915 F. Supp. at 916.

Third, Petitioner is factually correct that trial counsel did not raise a particular legal argument. The theory is that because Petitioner did not receive express notice that his right to a firearm was not restored, his two previous criminal sentences cannot be used against him for the felony firearm possession charge. However, the issue remains whether the failure to make this argument constitutes ineffective assistance of counsel. As shown below, it does not.

Petitioner's argument fails to meet the second prong of the ineffective assistance of

counsel claim, namely, that Petitioner suffered prejudice as a result of counsel's action or inaction, or that there is a reasonable probability the outcome would have been different if counsel had raised this argument. *Strickland*, 466 U.S. at 697; *and Griffin*, 330 F.3d at 736. The Court ruled that all of Petitioner's rights (voting, running for office, serving on a jury, possessing a firearm, etc.) had not yet been restored under Michigan law by the time he was arrested on June 30, 1999. It is not the case that all of Petitioner's civil rights, except for the right to possess a firearm, had been restored, leaving the question of whether Petitioner had notice of the outstanding unrestored right. Rather, the Court made a blanket ruling that Petitioner's civil rights were not restored. Arguing that Petitioner did not receive express notice that his restored rights did not include the right to possess a firearm misses the point because Petitioner did not have **any** restored civil rights. Consequently, Petitioner suffered no prejudice when his counsel failed to raise this argument, and Petitioner cannot show there is a reasonable probability the outcome would have been different if counsel had raised the argument.

Fourth, Petitioner has not shown that counsel provided ineffective assistance by advising Petitioner to stipulate to being a convicted felon for purposes of count two. Petitioner's two legal arguments for why he is not a convicted felon fail, as discussed immediately above. Consequently, it was not objectively unreasonable for counsel to advise Petitioner to stipulate to being a convicted felon.

For the reasons provided above, this Court will deny § 2255 relief on Petitioner's fourteenth claim of ineffective assistance of counsel.

### B.    Prosecutorial Misconduct

Petitioner claims that his due process rights were violated when the prosecutor committed prosecutorial misconduct during closing arguments, and that his trial counsel provided ineffective assistance by failing to object to the prosecutorial misconduct.

### 1.      Legal Standard

To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, (1974). The Sixth Circuit has adopted a two-step approach for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001); *Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000). First, the Court must consider whether the prosecutor's conduct and remarks were improper. *See Macias*, 291 F.3d at 452 (citing same). Second, if the Court concludes that the remarks were improper, then the Court must apply the four-factor test set forth by the Sixth Circuit in *United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994), to determine "whether the impropriety was flagrant" and thus violated the defendant's due process rights. *Macias*, 291 F.3d at 452 (quoting *Carter*, 236 F.3d at 783). The four factors are: (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong. *See Macias*, 291 F.3d at 452 (quoting *Carter*, 236 F.3d at 783); *and see Anderson*, 246 F. Supp. 2d at 760-61.

21

In closing argument, a prosecutor is allowed "to argue reasonable inferences from the evidence," *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000), but he is not allowed to misstate the evidence, *Macias*, 291 F.3d at 452 (citing *Carter*, 236 F.3d at 784). Thus, it is "improper for a prosecutor, during closing arguments, to bring to the attention of the jury any purported facts that are not in evidence and are prejudicial." *Macias*, 291 F.3d at 452 (quoting *Byrd*, 209 F.3d at 535); *and see Anderson*, 246 F. Supp. 2d at 760-61. Also, "[i]t is well-established law that a prosecutor cannot express his personal opinions before the jury," and "[i]t is improper for a prosecuting attorney in a criminal case to state his personal opinion concerning the credibility of witnesses or the guilt of a defendant." *Bates v. Bell*, 402 F.3d 635, 644 (6th Cir. 2005) (internal citations and quotation omitted).

### 2.     Discussion

### (a) "Ground No. X, Ground J" and "Ground No. X, Ground K."

This Court will analyze the prosecutorial misconduct claims first because the resolution of those issues could affect consideration of the related ineffective assistance of counsel claim. As the Government points out, Petitioner alleges that the prosecutor committed misconduct on five occasions during closing argument.

### (I)     Improper speculation regarding thoughts of Petitioner during traffic stop

Petitioner alleges that the prosecutor committed misconduct when he told the jury that Petitioner "was nervous and wanted to get out of there" during the traffic stop that led to his arrest.

22

It is a reasonable inference from the evidence that Petitioner was nervous during the traffic stop, as the Government argues. Petitioner knew that there was "alcohol in plain sight" and that the vehicle smelled of alcohol. *Copeland*, 321 F.3d at 591. Furthermore, there were "two stolen weapons" in the car as well as "a sheet of paper which appeared to have drug tabulations recorded on it." *Id.* at 589. In light of these facts, it is reasonable that anyone, especially Petitioner with his criminal record, would be nervous during a traffic stop.

Even if, <u>arguendo</u>, the statement to the jury was improper, it was not flagrant. Petitioner has failed to show how this statement prejudiced him, and it appears this comment was isolated, not extensive. Also, the evidence against Petitioner in the case was strong. *See Id.* at 600 (Petitioner's claim of insufficient evidence is "without merit").

> **(ii)    Derogatory remark about defense's view of witness testimony, and about Petitioner's rights**

Petitioner claims that the prosecutor committed misconduct when he discussed the defense view of witness testimony against the codefendants, and when he said, "The reality is that we're not here to just pay homage to the rights of these two guys over here," referring to Petitioner and his codefendant. Gov't Br. at 15. Specifically, the prosecutor was addressing the defense's view that the jury should not give credibility to the testimony of criminals who testified against the codefendants.

As a threshold matter, Petitioner has not shown what is unfair, prejudicial or negative about that remark and the view it expresses about the defense's view of the witnesses and their testimony. Specifically, Petitioner does not argue how that comment increased the probability

that the jury would return a guilty verdict. As explained above, *see supra* "Ground No. III, Ground C, I." and subpart "III.," failing to substantiate an argument constitutes a waiver. *Hayter Oil Co.*, 51 F.3d at 1269, *and Phibbs*, 999 F.2d at 1080 n.12.

Petitioner also does not provide reasons for why that statement should be deemed improper. The prosecutor was not bringing "to the attention of the jury any purported facts that are not in evidence" *Macias*, 291 F.3d at 452. As the Government notes in its reply, the prosecutor was explaining that the witnesses, and not just Petitioner and his codefendant, had rights (e.g., to testify and enter into plea agreements with the Government). *See* Gov't Br. at 16.

### (iii)    Implying that Petitioner was exhibiting criminality by not testifying

Petitioner claims that the prosecutor committed misconduct when he implied that Petitioner's failure to cooperate with the Government and to testify showed he wanted "to adhere to his alleged criminal way of life." Pet'r Br. at 88, 93.

Petitioner does not quote the actual remarks of the prosecutor that purportedly convey this sentiment. As explained above several times, *see supra* "Ground No. III, Ground C, I." and subpart "III.," failing to substantiate an argument constitutes a waiver. *Hayter Oil Co.*, 51 F.3d at 1269, *and Phibbs*, 999 F.2d at 1080 n.12. Moreover, the excerpt of the prosecutor's closing remarks, provided in the Government's response, do not support Petitioner's contention. The prosecutor's remarks about the criminals who testified against Petitioner do not exhibit an implication that Petitioner is adhering to criminality. The prosecutor's remarks were a response to the defense's criticism of the witnesses and the defense's suggestion to the jury that it not give the witnesses' testimony credibility. *See* Gov't Br. at 15. Petitioner has not established that the

prosecutor even made an implication about petitioner, let alone that it was improper or harmed the defendant.

### (iv)   Opining about the guilt of Petitioner and the credibility of a witness

Petitioner claims that the prosecutor committed misconduct when he compared a witness, Joey Williams, to Petitioner and his codefendant, and said, "There's one fundamental difference . . . between Williams and these two. You've got no reason to believe that Williams is a gun carrying rolling around drug dealer . . . . These two escalate the situation. These are gun packing drug dealers, ladies and gentlemen. You've heard the testimony about that." Gov't Br. at 15-16.

Taken as a whole, the prosecutor's comments are not an expression of his personal opinion regarding Petitioner's guilt or Williams' credibility. Instead, the comments cite, and are based on, evidence about the different criminal histories of Williams and Petitioner, namely that Petitioner had a history of involving firearms with his criminal activity, as the Government notes in its response. Hence, Petitioner has not established that the prosecutor's comments are unreasonable inferences from the evidence, so his argument that they were improper fails.

### (v)   Explicit opinion about guilt of Petitioner

Petitioner claims that the prosecutor committed misconduct when he "openly stated that 'they are guilty, very much guilty.'" Pet'r Br. at 93. The Government's response is instructive, as it provides the entire statement of the prosecutor: "And as the evidence has demonstrated they are guilty, very much guilty. . . . But they're guilty of the drug counts too, ladies and gentlemen." Gov't Br. at 16.

First, the prosecutor did not tell the jury that, in his opinion, Petitioner was guilty. The

prosecutor said that the evidence in the case demonstrated they are guilty. Petitioner's selective quotation is telling, and he has not demonstrated that the prosecutor's comment was improper.

Assuming, *arguendo*, that the comment was improper, Petitioner has not established that it is flagrant through the four-factor test, which is the Sixth Circuit's second requirement for a prosecutorial misconduct claim. As explained above, the evidence against the defendant was strong. *See* "Ground No. X, Ground J" *and* "Ground No. X, Ground K, (I)"; *Copeland*, 321 F.3d at 600 (Petitioner's claim of insufficient evidence is "without merit"). Also, the remarks appear to be isolated, and Petitioner has not shown they are extensive.

### 3.    Prosecutorial Misconduct Conclusion

In conclusion, for the reasons provided above in the discussion of the five allegations of prosecutorial misconduct, this Court will deny § 2255 relief on Petitioner's fifteenth claim, namely that his due process rights were violated by prosecutorial misconduct. Because Petitioner has not established that the Government engaged in prosecutorial misconduct or violated his due process rights, there is no need for this Court to consider whether Petitioner's counsel provided ineffective assistance by failing to object to the (non-existent) prosecutorial misconduct. Accordingly, this Court will deny § 2255 relief on Petitioner's sixteenth claim, namely, that his counsel provided ineffective assistance of counsel by failing to object to alleged prosecutorial misconduct.

### C.    Use of immunized grand jury testimony and ineffective assistance of counsel

Petitioner claims that his trial counsel provided ineffective assistance by failing to object to the use of immunized grand jury testimony against Petitioner for count one.

26

### 1.      Legal Standard

There are two kinds of grand jury immunity: formal statutory immunity, and pocket immunity. *See United States v. Turner*, 936 F.2d 221, 223-25 (6th Cir. 1991).

> The federal immunity statute prohibits the compelled testimony of a witness from being used against him "in any criminal case. . . ." Immunity of Witnesses Act, § 201(a), 18 U.S.C. §§ 6001-6005. In order for a federal prosecutor to grant this type of immunity, he must receive approval from both the United States Attorney in the relevant judicial district, and from a high-ranking official in the Justice Department; the immunity grant must also be approved by a federal district judge. *See* 18 U.S.C. § 6003. This immunity assures a witness that his immunized testimony will be inadmissible in any future criminal proceeding, as will be any evidence obtained by prosecutors directly or indirectly as a result of the immunized testimony. 18 U.S.C. § 6002.

*Turner*, 936 F.2d at 223-24.

Pocket immunity, on the other hand, is an "informal immunity [that] arises by way of assurances by prosecutors, either orally or by letter, to a potential grand jury witness that he will be immune from any prosecution based upon that testimony. Such decisions are made informally, outside the supervision of a court." *Id.* at 223. Pocket immunity is merely a prosecutor's promise, and is "contractual in nature." *Id.* If a petitioner believes the prosecutor breached that contractual promise, he "would have normal contractual remedies." *Id.* at 224. *And see United States v. Black*, 776 F.2d 1321, 1326 (6th Cir. 1985) ("an immunity agreement is contractual in nature and may be interpreted according to contract law principles.")

### 2.      Discussion

**(a)      "Ground No. XI, Ground L"**

This Court first will analyze the substantive legal issue of whether immunized grand jury

testimony was used because the resolution of that matter could affect the consideration of the ineffective assistance of counsel claim.

This Court has already ruled against Petitioner and for the Government on the issue of using immunized testimony, as the Government notes in its response. *See* Order (May 13, 2004); Gov't Br. at 17. In denying Petitioner's motion for discovery (filed January 23, 2004), the Court agreed with the Government that "[n]othing in the record remotely supports petitioner's claim that his 1988 testimony was directly or indirectly used to convict him in the year 2000." Order (May 13, 2004). Petitioner does not allege that he received formal, statutory immunity, and he has not provided new information or a new argument for this Court to change its May 13, 2004 ruling on the matter.

Because Petitioner has failed to establish that the Government used his immunized grand jury testimony against him, this Court does not need to consider Petitioner's claim that counsel provided ineffective assistance by failing to object to the non-existent use of that testimony. Accordingly, this Court will deny § 2255 relief on Petitioner's seventeenth and final claim.

## IV.   CONCLUSION

Therefore, after careful consideration of each of Petitioner's claims, this Court concludes that Petitioner is not entitled to the relief he seeks under § 2255, and that no evidentiary hearing on these matters is necessary. *See Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 [docket entry 242] is **DENIED** and this action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (**"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."** (emphasis added)). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

      **SO ORDERED**.

Dated:   December 20, 2005          s/Paul V. Gadola
                                           HONORABLE PAUL V. GADOLA
                                           UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   December 20, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____Mark C. Jones_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Anthony Hartwell_____.

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845