UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ANTOINE HARTWELL,

          Petitioner,        CRIMINAL CASE NO. 99-50057
                                          CIVIL CASE NO. 04-40023

v.

                                          HONORABLE PAUL V. GADOLA
UNITED STATES OF AMERICA,        U.S. DISTRICT JUDGE

          Respondent.

_____/

**ORDER DENYING PETITIONER'S CERTIFICATE OF APPEALABILITY**

    Before this Court is a request for a certificate of appealability ("COA") filed on January 9, 2006 by Petitioner Anthony Hartwell. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on January 23, 2004 and a supplemental motion on January 30, 2004. This Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2255 in an opinion and order filed on December 20, 2005. Petitioner filed a notice of appeal regarding this order with the United States Court of Appeals for the Sixth Circuit on January 13, 2006. That court order required Petitioner to file a motion for a COA within twenty-one days of filing a notice of appeal. Petitioner filed a notice of appeal and a motion for a COA on January 9, 2006. This Court must now rule on whether Petitioner is entitled to a COA.

    A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 403 U.S. 880, 893 n.4 (1983)). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court "should limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Petitioner raises several issues in his motion for a COA under the heading of ineffective assistance of counsel and prosecutorial misconduct. After reviewing these claims, considering this Court's reasons for denying Petitioner's motion to vacate as stated in the December 20, 2005 order denying his § 2255 motion, and conducting a threshold inquiry into the underlying merits of these several claims, the Court determines that Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

Petitioner also raises a claim, construed here as one of "actual innocence," on the charge of felon with a firearm under 18 U.S.C. § 922(g). He claims, citing the case of *Gilliam v. United States*, No. 99-1347, 2000 U.S. App. LEXIS 8781 (6th Cir. April 28, 2000), that because his predicate offense was a conviction under Michigan law, and because his state parole term had expired when the instant offense was committed, his civil rights had been fully restored. This, he believes, entitled him to protection under 18 U.S.C. § 921(a)(20) because the statute prohibits those whose civil rights have been restored and who are not expressly prohibited from possessing firearms under state law, from being considered as having been convicted of a "crime punishable by imprisonment for a term exceeding one year" for the purposes of the statute. 18 U.S.C. § 921(a)(20)

(2006). *See also Gilliam*, 2000 U.S. App. LEXIS 8781 at *2.

This Court denies Petitioner's request for a COA on his claim of actual innocence as well. Petitioner incorrectly states that Michigan law did not expressly prohibit him from possessing a firearm. Because Petitioner's Michigan conviction was for possession with intent to deliver cocaine, Pet.'s Mot. to Vacate 69, Petitioner was convicted of a "specified felony" under state law. M.C.L. § 750.224f(6) (2006). Individuals convicted of a "specified felony" are prohibited from possessing, carrying, or receiving a firearm for five years after they have paid all fines, served all terms, and completed all conditions of parole, related to the violation. M.C.L. § 750.224f(2) (2006). Additionally, the prohibition extends until the right to possess a firearm has been affirmatively restored by the individual applying for, and receiving, a permit to carry a concealed weapon. M.C.L. §§ 750.224f(2)(b), 28.424 (2006). *See also United States v. Casey*, No. 00-71377, 2000 U.S. Dist. LEXIS 5493 (E.D. Mich. April 20, 2000).

Even assuming *arguendo*, that Petitioner had paid his fines and completed all the conditions of parole for his Michigan conviction when he was discharged from parole, his discharge had not occurred until September 1, 1994. *See* Pet.'s Mot. to Vacate, p. 69. His charge here, being a felon with a firearm, related to events on or about June 30, 1999, within the state law's express five year prohibition. *See* First Superseding Indictment, Docket Entry 27 (Case No. 99-50057). Petitioner also makes no showing that he had obtained the requisite permit to carry a concealed weapon. Therefore, Petitioner is not entitled to the protection of 18 U.S.C. § 921(a)(20) because Michigan law expressly prohibited him from possessing a firearm at the time of the charged event.

This Court has conducted a threshold inquiry into the underlying merits of Petitioner's

claims and determined that Petitioner has failed to show that jurists of reason would debate the conclusions of this Court. Petitioner has also failed to make a substantial showing of the denial of a constitutional right in his claims as required by 28 U.S.C. § 2253(c)(2). Consequently, Petitioner is not entitled to a Certificate of Appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that a certificate of appealability [docket entry 263] for all claims in this matter is **DENIED**.

**SO ORDERED.**

Dated:   June 1, 2006                                                   s/Paul V. Gadola
                                                                        HONORABLE PAUL V. GADOLA
                                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 1, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                      Mark C. Jones                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Anthony Hartwell            .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845